Alec J. Shebiel, OSB #94544
E-Mail: ashebiel@gsblaw.com
Michael R. O'Connor, OSB #97501
E-Mail: moconnor@gsblaw.com
**GARVEY SCHUBERT BARER**
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon 97204-3141
Telephone: 503 228-3939
Fax: 503 226-0259

**Attorneys for Plaintiffs**
**The Prudential Insurance Company of America**
**and Pruco Securities, LLC**

FILED'05 DEC 20 10:09USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO SECURITIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL P. LOEB, <br><br> Defendant. | Case No. 05 1883 HA <br><br><br> TEMPORARY RESTRAINING ORDER (~~PROPOSED~~) |

Upon consideration of the Plaintiffs' Complaint For Injunctive Relief, Motion for Temporary Restraining Order and Preliminary Injunction, Affidavit of Kimberly McCreight, and attachments thereto, and having considered the arguments of counsel, the Court finds as follows:

1. While affiliated with Plaintiffs The Prudential Insurance Company of America and Pruco Securities, LLC (collectively, "Prudential") or their predecessors, Defendant Russell Loeb ("Loeb") executed agreements that contain restrictive and other employment covenants that

limit his ability to use Prudential's records and to solicit Prudential's clients, agents and employees after leaving his position at Prudential;

2. The duty of loyalty, statutory and other rights of Prudential with respect to its confidential and proprietary business and customer information and records, and its agreements with Defendant Loeb, are being and will continue to be violated by Loeb;

3. Prudential will suffer irreparable harm and loss if Loeb is permitted to solicit Prudential's clients, agents and employees, and convert Prudential's property to his own use and that of his new employer;

4. Prudential has no adequate remedy at law; and

5. Greater injury will be inflicted upon Prudential by the denial of temporary injunctive relief than would be inflicted upon Defendant Loeb by the granting of such relief.

Accordingly, it is **ORDERED**, that:

1. A temporary restraining order is issued immediately. Prudential shall post security in the amount of $ _10,000_ no later than December _23_, 2005.

2. Defendant Loeb, and anyone working with or for Loeb or for the entity with which he is currently affiliated, are temporarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

(a) soliciting any business from, ~~or initiating any contact with~~ ALH, any client whom Loeb served or whose name became known to him during the course of his association with Prudential, or causing, assisting or inducing any client or contractholder of Prudential and/or any affiliate of Prudential, or any person whose name became known to Loeb during the course of his association with Prudential, to discontinue, terminate or withdraw values from any policy, annuity, contract, service or product of any kind of Prudential and/or any affiliate of Prudential, or any policy sold by Prudential and/or any affiliate of Prudential, or to purchase services or products that compete, directly or indirectly, with those sold or serviced by Prudential and/or any affiliate of Prudential;

(b) using, disclosing or transmitting for any purpose any confidential or

proprietary information belonging to Prudential and/or any affiliate of Prudential or which Prudential, and/or any affiliate of Prudential is obligated to protect, or concerning the customers, employees and associated persons of Prudential and/or any affiliate of Prudential, including but not limited to the names, addresses, and telephone numbers of customers, employees and associated persons of Prudential and/or any affiliate of Prudential, and the financial information of customers of Prudential and/or any affiliate of Prudential;

    (c)    destroying any of the records or information that Loeb removed from Prudential;

    (d)    hiring or soliciting for hire any person affiliated with Prudential, or inducing any person affiliated with Prudential, to leave Prudential and join Loeb, Edward D. Jones & Co., L.P. ("Edward Jones"), any affiliate thereof, or any other company or entity; and

    (e)    taking any action to assist Edward Jones, any affiliate thereof, any other entity employing or affiliated with Loeb, or any other person or entity, to hire or solicit for hire any person affiliated with Prudential, or to induce any person affiliated with Prudential to leave Prudential.

3. That Loeb is further ordered to deliver any and all original Prudential records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to the Prudential office where he last worked, and purge such materials and documents and information derived therefrom from the possession, custody or control of Loeb or anyone working with or for Loeb or the entity with which he is now affiliated, within twenty-four hours of notice to Loeb or his counsel of the terms of this Order.

4. That this temporary restraining order is binding upon Loeb, his agents, servants, employer, any entity with which Loeb is affiliated, and those in active concert or participation with them who receive actual notice of this Order.

5. That this Order remain in full force and effect until Jan 6, 2006 unless extended.

6. That Prudential is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7. That the parties be directed to proceed with arbitration in accordance with Rule 10335 of the NASD Code of Arbitration Procedure.

8. That Loeb shall appear on Jan 6, 2006 at 1:30 a.m./p.m. and show cause why this Order should not be converted into a Preliminary Injunction; and that his opposition papers, if any, shall be served no later than December ___, 2005, and that Prudential's reply papers shall be served no later than December ___, 2005.

This Order is issued this 20 day of December, 2005.

IT IS SO ORDERED

_____
JUDGE, UNITED STATES DISTRICT COURT